## Howe & a. *vs.* Howe, Adm.

A bond was executed with a condition to support a woman upon a certain farm, or to bring in for her support one sixth of the produce annually, during her life. She left the place on a visit to some of her children, and while absent was taken sick and confined for a long time, being unable to be moved—*Held* that the obligors were not liable for her support while thus absent.

Where a guardian requested the administrator of an estate, in which his wards were interested, to object to a claim made before the commissioner, in order that it might be prosecuted in court in due course of law ; and the administrator declined, unless he was indemnified ; whereupon the attorney who appeared for the guardian gave his personal bond of indemnity, without the request of the guardian—*Held* that the guardian was not legally liable to indemnify either the administrator or the attorney, and that he was a competent witness, for the administrator, on the trial of the claim, notwithstanding he testified that he expected, if the attorney was obliged to pay anything, that he should indemnify him out of the property of his wards in his hands, but not out of his own.

One who considers himself under an honorary obligation to indemnify for costs, but who is not legally interested, is a competent witness.

DEBT. The declaration alleged that Isaac Kimball, the defendant's intestate, and one William T. Kimball, on the 12th of April, 1826, by their writing obligatory, bound themselves, their heirs, &c., to the plaintiffs and others since deceased, in the penal sum of $700, with a condition, among other things, that they would support their mother, Anna Kimball, both in sickness and health, during her natural life, and that said support should either be in the family with themselves, or, if she should choose it, by bringing in and storing in proper places, at least one sixth part of the produce of the farm of their father, &c., and then averred that said Isaac and William had both deceased—that the defendant had been appointed administrator of the estate of said Isaac, and that for six years past neither said William and said Isaac, or their heirs, &c., nor either of them, had supported said Anna—and that the plaintiffs in consequence had been obliged to expend large sums in her support.

The defendant pleaded *non est factum*, and filed a brief statement, setting forth that said obligors, and their executors, &c., have maintained and supported said Anna, and fur-

nished her the means of sustenance, according to the true intent and meaning of said writing obligatory.

On the trial it appeared that Isaac Kimball died on the 4th of June, 1830—that his widow, Abigail Kimball, provided for the support of said Anna, on the farm in Rindge, until July, 1834, at which time Luke Rugg was appointed guardian of the children of said Isaac. Previous to this time she had been supported on the farm by one Nutting, who agreed to pay $25 and support said Anna for the use of the farm, except in case she should have a severe sickness, in which case a further allowance was to be made him. Rugg, when he became guardian, ratified this bargain.

In June, 1834, by the invitation of Solomon Tenney, who is one of the plaintiffs, said Anna went to his house, in Royalston, on a visit, Tenney agreeing with said Abigail that if she would carry her to his house he would bring her back.

It further appeared that she remained at his house until the 29th of August, when the wife of Tenney carried her to Winslow Howe's, in Templeton, who is another of the plaintiffs, that she might make a short visit there—that she was then in a low state of health, and that after being there about a week she became much worse, was confined to her bed, and not in a situation to be moved; and that she remained there until the summer of 1835.

In June, 1835, Winslow Howe requested Rugg to pay for her support, who said that if the law would allow him to do so, he should be willing to pay the cost, or that he would do what was right.

This action is brought for the benefit of said Winslow Howe, to recover for the support of said Anna from September 8, 1834, to June 22, 1835. Rugg was admitted as a witness, the plaintiffs objecting. It appeared that after the commissioner had allowed the claim of the plaintiff, Rugg, in behalf of the heirs of said Isaac, requested Levi Howe, the administrator, to object to the claim, in order that it might be prosecuted at law, in pursuance of the statute. Said Levi

declined unless he was indemnified. Whereupon the attorney who had been employed by Rugg to contest the claim, executed to Levi Howe his own bond of indemnity, without any request on the part of Rugg ; but Rugg testified that if the attorney was obliged to pay any thing on account of the bond, he expected to indemnify him out of the means of his wards in his hands, but not out of his own.

A verdict was taken for the plaintiffs, subject to the opinion of this court—judgment to be rendered thereon, or the verdict set aside and judgment rendered for the defendant.

*Handerson*, for the plaintiffs.

*Chamberlain*, for the defendant.

GREEN, J. The question is, whether the administrator of Isaac Kimball is liable for the support of Anna Kimball, furnished by Winslow Howe, one of the plaintiffs.

The obligors were not bound to support said Anna, generally, without designating any place where she was to receive her support ; but they were to maintain her in the family with themselves, or deliver a certain portion of the produce of the farm of her late husband, annually, at her election. This is all the obligors bound themselves to perform. They did not bind themselves to maintain her elsewhere, or in any other manner. The obligors did not oblige her to leave the place where she had been located, and received her maintenance for many years ; but she went by the invitation of one of the plaintiffs, and in the course of her visits was taken ill, and received from the plaintiff Howe the support which is the foundation of this action.

Winslow Howe, not being liable for the support of Anna, might perhaps have relieved himself by application to the selectmen of the town where she was ; but there is no implied engagement on the part of the relations, or any one else, to make compensation to him for the expense he incurred.

Howe v. Howe.

The plaintiffs claim under the bond ; and the obligors' liability for her support being limited to a particular place, we think they were not liable for any relief afforded her elsewhere without their assent, there being no promise to pay the plaintiff, Howe, either expressed or implied.

The witness Rugg was rightly admitted. His request on behalf of the heirs, that the defendant, as administrator, would object to the plaintiff's claim, in order that it might be prosecuted at law, did not make him answerable for the expenses. That seems to have been understood, for the administrator required an indemnity. Nor is he answerable on the bond of indemnity executed by the attorney who appeared to contest the claim, or bound to save him harmless. He did not request the attorney to give the bond, and no action could be maintained against him by reason of that transaction. He had, then, no legal interest in the event of the suit ; and his expectation that he should indemnify the attorney, out of the money of his wards, in case the attorney should be obliged to pay any thing, is not sufficient to exclude him. 2 *Stark. Ev.* 747 ; 1 *Camp. R.* 144, *Pederson* vs. *Stoffles ;* 9 *Johns. R.* 218, *Gilpin* vs. *Vincent.* It can be regarded, at most, only as an honorary obligation to indemnify, which goes merely to the credit of the witness.

*Judgment for the defendant.*